UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X


UNITED STATES OF AMERICA,

      -against-                                  **25 Cr. 91  (VB)**


KALIF COX,

                         Defendant.
_____X



**MOTION TO POSTPONE DEADLINE TO
PRESENT A MITIGATION SUBMISSION**




James E. Neuman, P.C.
100 Lafayette Street
Suite 501
New York, NY 10013
(212) 966-5612


Deborah Colson, Esq.
Moskowitz Colson Ginsberg & Schulman
80 Broad Street, Suite 1900
New York, NY 10004
(212) 257-6455

## PRELIMINARY STATEMENT

This memorandum is submitted in support of the application of the defendant Kalif Cox to postpone the deadline for presenting mitigation arguments.    Attached to this memorandum as Exhibit A is a letter from defense counsel to the government, dated April 18, 2025.  Briefly stated, our position is that, in order to effectuate the "speedy and orderly administration of justice," this Court should exercise its inherent authority to manage its docket by directing the government to postpone its deadline – now set at April 30, 2025 – for the defense to present mitigating arguments.

## THE PROCEDURAL BACKGROUND

The facts relevant to this application are straightforward and largely apparent from court documents and proceedings. On or about February 21, 2025, Mr. Cox was arrested on a complaint alleging two charges: (1) a conspiracy to traffic firearms, in violation of 18 U.S.C. § 933(a)(2), and; (2) discharging a firearm during a drug conspiracy, in violation of 18 U.S.C. § 924(c).  On the day of his presentment, James E. Neuman, was appointed to represent Mr. Cox.

Approximately one month later, an Indictment was unsealed.  This Indictment – which has since been superseded – set forth additional charges, including murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) and (2).   Immediately upon the unsealing of that Indictment, an application was made for the appointment of "learned counsel," pursuant to the Criminal Justice Act. Soon thereafter, the Court granted that application and appointed Deborah A. Colson as "learned counsel."  *See,* Exhibit A (recounting this history).

On March 25, 2025, Mr. Cox was arraigned on the Indictment.  During those proceedings, the government informed the parties that the discovery was extraordinarily voluminous, amounting

-1-

to over 20 terabytes of information.  The government also advised the parties and the Court that, due to the size and nature of the discovery, the first disclosure would not be made for at least four weeks, and that such disclosure would represent only a very small portion of the entire discovery.

On April 15, 2025, the SDNY prosecutors handling this case called defense counsel and reported that there was now a deadline to offer any written submission regarding the decision whether to seek the death penalty.  Specifically, counsel was told that the deadline was in two weeks from the date of the call: April 29, 2025.  On the same date of this call, the Court granted the defense request to appoint a mitigation specialist.  *See,* Exhibit A.

On April 18, 2025, the defense submitted a letter to the Deputy Attorney General's office, asking that the deadline for submitting mitigation arguments and evidence be postponed a minimum of six months.  In that letter, counsel argued that the defense had not yet had any "genuine opportunity either to review the discovery or to investigate the typical mitigating factors that bear on any decision whether to seek the death penalty."  Counsel noted that, during initial discussions with Mr. Cox and his family, it had became apparent that there were numerous mitigating factors which had to be developed.  For example, counsel noted that Mr. Cox reportedly had a lengthy history of mental health issues, as well as learning disabilities and placement in special education classes.  Thus, counsel asserted that, at a minimum, it was necessary to gather various educational and medical records from numerous schools and medical facilities, a process which often can take months.  Further, counsel stated that experts  – such as a neuropsychologist – would need to review the records and interview Mr. Cox.  And counsel also observed that a mitigation presentation should include counsel's review of the discovery, which would not even be fully available for months. Exhibit A (p.2).

Thus, counsel argued that the proposed deadline not only prevented them from providing effective assistance of counsel, but conflicted with provisions in the Justice Manual. Moreover, they maintained that there was no justification to rush the process and that a hasty decision to seek the death penalty would only make more likely the need for subsequent submissions to revisit that decision. For these reasons, counsel asked that the deadline be extended *at least* for six months, a schedule which still represented a sharply shorter period than was customary. Exhibit A (p.2).

On the morning of April 21, 2025, the prosecutors informed the defense by email, in effect, that the request for a significant delay was being denied, and that any submission should be made by the end of the month (i.e. April 30, 2025).

## ARGUMENT

### THIS COURT SHOULD ISSUE A SCHEDULING ORDER, DIRECTING THE GOVERNMENT TO ACCEPT A MITIGATION SUBMISSION FROM THE DEFENSE AT LEAST SIX MONTHS FROM NOW

At the outset, it is quite obvious that the deadline being imposed by the government amounts to a blatant violation of the Justice Department's own guidelines. Section 9-10.080 of the Justice Manual provides that defense counsel should be accorded "a reasonable opportunity to present information for the consideration of the United States Attorney or Assistant Attorney General which may bear on the decision whether to seek the death penalty." Section 9-10.130 adds that "[n]o final decision to seek the death penalty shall be made if defense counsel has not been afforded an opportunity to present evidence and argument in mitigation."

Here, the defendant was first charged with a capital offense about one month ago. When that occurred, counsel quickly asked for the assignment of "learned counsel" and a mitigation expert, both of which requests were promptly granted. To date, however, the defense has not received the discovery, which reportedly will consist of the staggering quantity of 20 terabytes of information. And while initial meetings with Mr. Cox and his family have revealed the existence of numerous potential mitigating factors, it will take months before the relevant records can be obtained and analyzed, not to mention the time needed for an expert to interview and evaluate Mr. Cox. Bluntly put, it is absurd to suggest that the existing deadline gives the defense anything remotely like "a reasonable opportunity to present information" to the government regarding its decision whether to seek the death penalty.

Setting aside the Justice Manual, it is beyond debate that district courts are empowered to issue various scheduling and discovery orders to manage its docket. As one circuit has explained, "the district court is charged with effectuating the speedy and orderly administration of justice," and therefore may enter orders "designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *United States v Grace,* 526 F.3d 499, 509 (9th Cir. 2008); *see also, United States v Richter,* 488 F.2d 170, 173-74 (9th Cir. 1973). Consistent with these principals, many courts have issued orders, in effect, requiring the Department of Justice to provide defense counsel with additional time to present mitigating evidence before it determines whether to seek the death penalty.

For example, in *United States v McGill,* 2010 WL 1571200 (S.D. Cal. 2010), the defendant was arrested and charged in July, 2019, with second degree murder. About six months later, he was

charged in a superseding indictment with the capital offense of first degree murder.  In March, 2020, the government notified the defense that they should submit any mitigating factors in writing by June 1, 2010, with an opportunity to make an oral presentation by June 15, 2010.   The defense then moved for the Court to set a scheduling order which, *inter alia,* gave them six additional months to make a written mitigation submission.  The government disputed that the Court had authority to regulate the death penalty review process and claimed that issuing the requested scheduling order would violate principles of separation of powers.  *Id.* at *2.

Rejecting the government's position, the Court first noted that, pursuant to guidelines adopted by the Judicial Conference, it was routine for trial courts to enter scheduling orders establishing dates when: the defense would have to present mitigating evidence; the local United States Attorney would make recommendations to the Department of Justice; and the government would notify the parties whether the death penalty would be sought.  *Id.* at *3.   Further, the Court stated that the type of scheduling order sought by the defense – providing additional time to present mitigating evidence – would further the goal of "speedy and orderly administration of justice," by ensuring that the parties had time to identify the relevant issues, engage in appropriate discovery, "adequately and timely prepared so that the trial [could] proceed efficiently and intelligibly."  *Id.* The Court added:

> "In issuing a scheduling order, the Court is not granting defendant any new right or invading the province of the Department of Justice to determine, according to its protocol, whether to seek the death penalty in this case.  The government has not shown how a brief delay in the defendant's presentation of mitigation evidence to the U.S. Attorney will hinder its ability to carry out its prosecutorial function.  The scheduling order is designed purely to ensure this case proceeds to trial in an orderly and expeditious manner without unnecessary expense." *Id.* at *4.

-5-

Still, the Court granted less of an extension than sought by the defense. Noting that the average time between indictment and presentation of mitigation information was reportedly 12.3 months, the Court ultimately directed the defense to submit its arguments against the death penalty by September, 2010 (rather than July, 2011). *Id.* at *5.

Numerous courts have reached similar conclusions. *See e.g., United States v Carrillo,* 2020 WL 6591198 (N.D. Cal. 2020) (where the indictment was filed in June, 2020, and capital counsel appointed in September, 2020, the Court held it was unreasonable to require the defense to provide a mitigation report by November, 2020, and directed the parties to confer and propose a new schedule by January, 2021); *United States v Benavides,* 06 Cr. 62 (DWM) (Dkt. 123 entered 10/21/2008) (granting motion to delay mitigation presentations); *United States v Schlesinger,* 2019 WL 11853370 (D. Ariz. 9/12/219). Relatedly, a number of courts have required the government to provide various discovery in advance of the deadline for filing a mitigation report. *See e.g., United States v Daniel,* 2021 WL 2808706, *5-8 (E.D. Cal. 2021); *United States v Wilson,* 518 F.Supp.3d 678, 688 (W.D.N.Y. 2021).

These decisions collectively lead to a number of observations: First, courts unquestionably have authority to manage their docket by issuing scheduling orders. Second, courts *should* impose scheduling orders to ensure the "speedy and orderly administration of justice," which encompasses the need to provide parties in capital cases with an opportunity to engage in appropriate discovery and prepare adequately. Third, it is routine for courts to issue scheduling orders that set forth dates for the defense to present mitigation arguments to the government in the pre-authorization stage. Finally, when the government imposes patently unreasonable deadlines for presenting mitigation

arguments, courts are willing to take affirmative actions by postponing the deadlines and ensure that the defense has a reasonable opportunity to present such evidence.

For all these reasons, we ask that this Court set a scheduling order that provides the defense with at least six months to present mitigation arguments to the government, before a decision is made whether to seek the death penalty.

Dated: April 21, 2025
        New York, NY

                                        Respectfully submitted,


                                        _____s/s_____
                                        James E. Neuman, P.C.
                                        100 Lafayette Street, Suite 501
                                        New York, NY 10013
                                        (212) 966-5612

                                        Deborah Colson, Esq.
                                        Moskowitz Colson Ginsberg & Schulman
                                        80 Broad Street, Suite 1900
                                        New York, NY 10004
                                        (212) 257-6455