# JAMES E. NEUMAN, P.C.

Attorney at Law
100 Lafayette Street – Suite 501
New York, New York 10013
———

TEL 212-966-5612
FAX 646-651-4559
www.jamesneuman.com
james@jamesneuman.com


April 18, 2025


BY EMAIL
Hon. Todd Blanche
Office of the Deputy Attorney General
400 Sixth Street, NW
Washington, D.C. 20001

      Re: *United States v Cox,* 25 Cr. 91 (VB)

Dear Mr. Blanche:

      By this letter, we ask that your office extend the deadline for the defense to submit materials regarding the decision whether to seek the death penalty against our client, Kalif Cox.

      The procedural history of this case alone, we believe, constitutes compelling reason to postpone the deadline. On or about February 21, 2025, Mr. Cox was arrested on a complaint alleging two charges: (1) a conspiracy to traffic firearms, in violation of 18 U.S.C. § 933(a)(2), and; (2) discharging a firearm during a drug conspiracy, in violation of 18 U.S.C. § 924(c). On the day of his presentment, I was appointed to represent Mr. Cox. Approximately one month later, an Indictment was unsealed. This Indictment – which has since been superseded – set forth additional charges, including murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) and (2). Immediately upon the unsealing of that Indictment, an application was made for the appointment of "learned counsel," pursuant to the Crimial Justice Act. Soon thereafter, the Court granted that application.

      On March 25, 2025, Mr. Cox was arraigned on the Indictment. During those proceedings, the government informed the parties that the discovery was extraordinarily voluminous, amounting to over 20 terabytes. The government also advised the parties and the Court that, due to the size and nature of the discovery, the first disclosure would not be made for 4-6 weeks, and that such disclosure would represent only a very small portion of the entire discovery. Aside from a

videotaped statement of Mr. Cox that was provided during the pre-indictment phase, no discovery has been provided to the parties yet.

On April 15, 2025, the line assistants handling this case called us and informed us that there was now a deadline for us to offer any written submission to your committee regarding the decision whether to seek the death penalty. Specifically, we were told that the deadline was two weeks from then: April 29, 2025. Coincendentally, on the same date of this call the Court granted our request to appoint a mitigation specialist (who has not yet met with our client).

This procedural history makes it obvious that the defense has had no genuine opportunity either to review the discovery or to investigate the typical mitigating factors that bear on any decision whether to seek the death penalty. Indeed, even our brief interviews with our client and his family have revealed the existence of numerous mitigating factors which we must pursue in order to provide effective assitance of counsel. Among other things, we have learned that Mr. Cox has a lengthy history of mental health issues, as well as learning disabilities and placement in special education classes. Thus, in order to provide your office with relevant information, it is essential – at a minimum – that we gather our client's educational and medical records from numerous schools and medical facilities. In our experience, the process of obtaining such records often takes months. Once those records are obtained, they should be reviewed by the appropriate experts. Quite likely, Mr. Cox will need to be interviewed by a neuropsychological expert. Of course, a proper presentation to your office also should include our review and analysis of the discovery, which cannot take place – through no fault of the defense – for months.

Simply put, the existing deadline makes it impossible for us to provide Mr. Cox with his constitutionally-guaranteed right to effective assistance of counsel. We also submit that it runs afoul of Section 9-10.080 of the Justice Manual, which indicates that defense counsel should be accorded "a reasonable opportunity to present information for the consideration of the United States Attorney or Assistant Attorney General which may bear on the decision whether to seek the death penalty." *See also,* Section 9-10.130 ("No final decision to seek the death penalty shall be made if defense counsel has not been afforded an opportunity to present evidence and argument in mitigation."). Moreover, there is no apparent reason why this process should be rushed. The volume of discovery – as well as the scope of the charges against Mr. Cox and his co-defendants – means that a trial is unlikely to be scheduled for many months. If anything, the current deadline makes it more likely that we will be compelled later to ask your office to reconsider a decision to seek the death penalty (should that be your initial decision). Thus, the interests of judicial economy favor an extension.

For these reasons, we ask that the current deadline be extended *at least* for six months. Although in our experience it routinely takes defense counsel between 1-2 years to conduct a thorough investigation of potential mitigating factors and prepare a fulsome submission to your office, we suggest a shorter time-line in recognition that the customary practice may be changing. In any event, we ask that you reply to this request as soon as possible so that we may consider our next steps.

Respectfully submitted,

*James Neuman*
James E. Neuman
Deborah Colson