UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA         :
                                 :     **ORDER**
v.                               :
                                 :     S1 25 CR 91 (VB)
KALIF COX,                       :
              Defendant.         :
--------------------------------------------------------------x

      Counts 5 and 6 of Indictment S1 25 CR 91 (VB), charge defendant Kalif Cox with, respectively, murder in aid of racketeering, 18 U.S.C. § 1962(d), and murder through the use of a firearm, 18 U.S.C. §§ 924(j) and 2. Both counts carry the potential for capital punishment. Cox was first arraigned on these charges on March 25, 2025.

      By motion dated April 21, 2025, Cox asks the Court to "set a scheduling order that provides the defense with at least six months to present mitigation arguments to the government, before a decision is made whether to seek the death penalty." (Doc. #37, at 7). The rationale for this request is that the government has set a hard deadline of April 30, 2025, for the defense to submit mitigation arguments and evidence. Cox notes also that the government has made little or no discovery to date, that discovery will not be fully available for months, and that he has not had a meaningful opportunity to gather and analyze voluminous educational and medical records from numerous schools and medical facilities relating to his mental health history and learning disabilities. According to Cox's counsel, the April 30 deadline thus conflicts with the Justice Manual of the U.S. Department of Justice ("DOJ"), which sets forth internal policies and procedures of the DOJ, including that the government "shall give counsel for the defendant a reasonable opportunity" to present information for the government to consider in deciding whether to seek the death penalty, Justice Manual, § 9-10.080, and that "[n]o final decision to seek the death penalty shall be made if defense counsel has not been afforded an opportunity to

1

present evidence and argument in mitigation," id. § 9-10.130(B).  More generally, defense counsel contends the April 30 deadline prevents them from providing effective assistance of counsel to their client, as required by the Sixth Amendment.

By letter dated April 22, 2025 (Doc. #38), the government does not deny that it set the April 30 deadline.  Nor does it make a serious attempt to argue that the April 30 deadline affords counsel "a reasonable opportunity" to present mitigating arguments and evidence.  Under these circumstances, the government has effectively made a deliberate choice not to comply with Section 9-10.080.  That said, for the reasons set forth in the government's letter, the Court lacks the power to compel the government to comply with that section, and therefore will not order the government to do so.[1]

However, the Court does have the power and obligation to interpret the Federal Rules of Criminal Procedure to "provide for the just determination of every criminal proceeding [and] secure . . . fairness in administration."  Fed. R. Crim. P. 2.  Consistent therewith, and in order to reasonably assure that Cox has at least a minimal opportunity prior to April 30 to present information for the government to consider in deciding whether to seek the death penalty, the Court orders the government, by no later than April 24, 2025, to provide to Cox's counsel all discovery pursuant to Fed. R. Crim. P. 16(a)(1)(A) through (F) that relates to Counts 5 and 6.

The Court notes that at the initial pretrial conference on April 3, 2025, the government advised the Court and counsel that it would begin making a rolling production of Rule 16 discovery as soon as possible, but that the discovery was voluminous and would take, at the

---

[1] Defense counsel asks the Court, in the alternative, to issue an order putting the government to the choice of either (i) adjourning the April 30 deadline, or (ii) in the event the government elects to seek the death penalty, preparing for the possibility that Cox's trial would be substantially delayed to provide Cox a reasonable opportunity to make subsequent mitigation submissions.  (Doc. #39 at 2).  Although it is within the Court's discretion to do so, the Court declines, at this time, to issue such an order.

least, more than a month to produce. Consistent with that timeline, the next status conference was scheduled for June 12, 2025, to enable defense counsel an opportunity to review the discovery not yet produced. The Court also granted the government's application to exclude time under the Speedy Trial Act until June 12 in the interest of justice, principally because of the time required to both produce and review discovery. The government did not at that time mention an April 30 deadline for Cox's mitigation submission. Had it done so, the Court would have set a much earlier deadline for the production of discovery to Cox, at least to the extent it related to the capital-eligible counts.

If the government believes that a deadline of April 24 to produce relevant discovery to Cox is insufficient, it has the option to extend the deadline for Cox's counsel to make a mitigation submission, and at the same time to make an appropriate application for an extension of time to comply with this order. The Court strongly encourages (but does not order) the government to do so. Otherwise, the deadline for production of the above-described discovery is April 24, 2025.

Dated: April 23, 2025
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge